UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-490-FDW

| | |
|---|---|
| JOHNNIE D. ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| KEVIN INGRAM, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Preliminary Injunction and Motion for Temporary Restraining Order, (Doc. No. 2).

Plaintiff, a North Carolina prisoner, filed a complaint on June 20, 2016, under 42 U.S.C. § 1983, while he was confined at Lanesboro Correctional Institution, naming numerous individuals as Defendants, most of whom are alleged to have been employed at Lanesboro at all relevant times. Plaintiff alleges various claims against Defendants, including claims for excessive force, deliberate indifference to serious medical needs, retaliation, and obstruction of justice. (Doc. No. 1 at 1). On the same day he filed the Complaint, Plaintiff filed the pending motion for a temporary restraining order and preliminary injunction, in which he seeks an order from the Court requiring Defendants David Mitchell, Ken Beaver, David Aaron, and Kevin Ingram (all Lanesboro employees) to "immediately release the Plaintiff from disciplinary segregation, expunge any and all infractions, restore any points or credits lost, arrange for the Plaintiff to be examined by a qualified neurologist and physical therapist in order to restore his left hand that was injured on 3-29-16 when officer/Defendant Snipes beat him with locked handcuffs." (Doc. No. 2 at 1: Proposed Order). On September 29, 2016, Plaintiff filed a notice

1

of change of address with this Court, notifying the Court that he has been transferred away from Lanesboro, and he is now incarcerated at Marion Correctional Institution.

If a prisoner is released or transferred to another prison after he files a complaint, "his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred.'" Higgason v. Farley, 83 F.3d 807, 811 (7th Cir. 1996) (quoting Moore v. Thieret, 862 F.2d 148, 150 (7th Cir. 1988)). Plaintiff has not made such a showing, and his transfer to Marion Correctional renders moot his requests for a temporary restraining order and preliminary injunction against the Lanesboro Correctional Defendants. See O'Shea v. Littleton, 414 U.S. 488, 495 (1974). For the foregoing reasons, the Court denies the Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction.[1]

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Motion for Temporary Restraining Order/Motion for Preliminary Injunction, (Doc. No. 2), is **DENIED**.

Frank D. Whitney
Chief United States District Judge

---

[1] After his transfer to Marion, Plaintiff filed an "Affidavit in Support re Motion for Preliminary Injunction Motion for Temporary Restraining Order," but this document does not address the injunctive relief sought in his original motion.