UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-490-FDW

| | |
|---|---|
| JOHNNIE D. ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| KEVIN INGRAM, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e)(2); 1915A. Also pending are Plaintiff's Motion for Reconsideration re Order on Motion for Preliminary Injunction, (Doc. No. 16), and Plaintiff's Motion to Enforce Procedure for Service of Process in State Prisoner Cases, (Doc. No. 21). On April 25, 2017, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 19). Thus, Plaintiff is proceeding in forma pauperis.

**I.     BACKGROUND**

Pro se Plaintiff Johnnie D. Allen, a North Carolina state inmate currently incarcerated at Marion Correctional Institution in Marion, North Carolina, filed this action on June 20, 2016, pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff names no less than sixteen Defendants, and Plaintiff alleges various claims arising out of unrelated events occurring while he was incarcerated at Lanesboro Correctional Institution. (Id.). For instance, Plaintiff complains about two separate incidents of alleged excessive force—one occurring on March 21, 2016 (involving

1

Defendants Horn and Ingram), and one occurring on March 29, 2016 (involving Defendant Snipes, Pressley, Williamson, and Holder)—in violation of his Eighth Amendment rights, while he was incarcerated at Lanesboro Correctional Institution. Plaintiff alleges that different Defendants participated in these two separate incidents. Plaintiff also complains that his First Amendment right to access to the courts has been violated on different occasions by different Defendants. Finally, Plaintiff also appears to be alleging that his Fourteenth Amendment due process rights have been violated in relation to disciplinary proceedings brought against him and that he is wrongly being held in segregation.

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III.    DISCUSSION

This Court finds on initial review that Plaintiff's Complaint suffers from numerous deficiencies. Plaintiff must therefore amend his complaint or this action will be subject to

dismissal without prejudice and without further notice to Plaintiff. For instance, to the extent that Plaintiff has named various supervisors at the prisons and jails where he has been incarcerated solely based on their supervisory positions, these Defendants are subject to dismissal. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (stating that under § 1983, liability is personal in nature, and the doctrine of respondeat superior does not apply). In his amended complaint, Plaintiff must allege how each individual Defendant personally participated in the alleged violations of constitutional rights.

Additionally, and most significantly, Plaintiff has alleged numerous, unrelated claims against numerous, unrelated defendants in this action, and he has not specified the dates on which each alleged constitutional violation occurred. Plaintiff is placed on notice that he may not bring unrelated claims against unrelated parties in a single action. See FED. R. CIV. P. 18(a), 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," so as to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act). Plaintiff may bring a claim against multiple defendants as long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact. FED. R. CIV. P. 20(a)(2). Here, Plaintiff's unrelated claims against different defendants may not be litigated in the same action. Accord Thomas v. Davey, No. 1:16cv925, 2017 WL 2691824, at *2 (E.D. Cal. June 22, 2017) ("Plaintiff may not pursue allegations against multiple parties involving multiple claims in this action. For example, Plaintiff may not pursue claims of retaliation involving one set of defendants while simultaneously pursuing claims for deliberate indifference to serious medical needs against another set of defendants. These differing claims do not arise out of the same transaction or

3

occurrence and do not share common questions of law or fact.").

The Court advises Plaintiff that his amended complaint must be complete in and of itself. This is because the amended complaint will supersede the original complaint, meaning the original complaint will no longer have any force. In other words, Plaintiff may not amend the complaint "piecemeal"—he simply cannot add on to what he has already alleged in the complaint. To this extent, the Court will instruct the Clerk to mail Plaintiff a new Section 1983 form for Plaintiff to submit an amended complaint, if he so wishes.

Finally, as Plaintiff has been transferred away from Lanesboro Correctional Institution, his requests for declaratory and injunctive relief are all moot.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff shall have thirty (30) days in which to amend his complaint in accordance with this order.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff shall have thirty (30) days in which to amend the complaint, particularizing his claims and providing facts to support his legal claims and identifying individual Defendants subject to suit. If Plaintiff fails to amend the complaint within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff. Furthermore, to the extent that an amended complaint purports to bring claims against multiple defendants that are wholly unrelated, the amended complaint will be subject to dismissal without further notice to Plaintiff for the reasons explained in this order.

2. Plaintiff's Motion for Reconsideration re Order on Motion for Preliminary Injunction, (Doc. No. 16), and Plaintiff's Motion to Enforce Procedure for Service of Process in

State Prisoner Cases, (Doc. No. 21), are both **DENIED**.

3. The Clerk is directed to mail Plaintiff a new Section 1983 complaint form.

Signed: July 5, 2017

Frank D. Whitney
Chief United States District Judge