UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-490-FDW

| JOHNNIE D. ALLEN, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
|  | ) ORDER |
| KEVIN INGRAM, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 23). 28 U.S.C. § 1915(e)(2). Plaintiff is proceeding in forma pauperis status.

**I.  BACKGROUND**

Pro se Plaintiff Johnnie D. Allen, a North Carolina inmate incarcerated at Marion Correctional Institution in Marion, North Carolina, filed this action on June 20, 2016, pursuant to 42 U.S.C. § 1983. Plaintiff named sixteen defendants in his original Complaint, and he alleged facts and claims arising out of unrelated transactions and occurrences occurring while he was incarcerated at Lanesboro Correctional Institution. On July 6, 2017, this Court entered an order finding, among other things, that Plaintiff's Complaint did not comply with FED. R. CIV. P. 20. (Doc. No. 22). The Court stated in its order:

> Plaintiff has alleged numerous, unrelated claims against numerous, unrelated defendants in this action, and he has not specified the dates on which each alleged constitutional violation occurred. Plaintiff is placed on notice that he may not bring unrelated claims against unrelated parties in a single action. See FED. R. CIV. P. 18(a), 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)

1

(noting that "[u]nrelated claims against different defendants belong in different suits," so as to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act). Plaintiff may bring a claim against multiple defendants as long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact. FED. R. CIV. P. 20(a)(2). Here, Plaintiff's unrelated claims against different defendants may not be litigated in the same action. Accord Thomas v. Davey, No. 1:16cv925, 2017 WL 2691824, at *2 (E.D. Cal. June 22, 2017) ("Plaintiff may not pursue allegations against multiple parties involving multiple claims in this action. For example, Plaintiff may not pursue claims of retaliation involving one set of defendants while simultaneously pursuing claims for deliberate indifference to serious medical needs against another set of defendants. These differing claims do not arise out of the same transaction or occurrence and do not share common questions of law or fact.").

(Doc. No. 22 at 3). This Court ordered Plaintiff to submit an Amended Complaint to comply with Rule 20. Plaintiff filed his Amended Complaint on August 11, 2017, again alleging numerous, unrelated claims against unrelated Defendants. (Doc. No. 23 at 4, 9-29).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to

ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

As with his original Complaint, Plaintiff again has not complied with Rule 20 of the Federal Rules of Civil Procedure. That is, Plaintiff complains about unrelated transactions and occurrences against numerous different Defendants. For instance, Plaintiff complains about two separate and unrelated excessive force incidents while he was incarcerated at Lanesboro Correctional Institution—one occurring on March 21, 2016, and one occurring on March 29, 2016—each involving separate Defendants. Plaintiff also complains about being left in a recreational cage on July 11, 2016, for more than 24 hours. He also appears to complain about due process violations arising out of hearings to determine his security classification. Finally, he complains that his current classification status at Marion Correctional Institution violates his due process rights. As the Court made clear in its earlier order, a prisoner plaintiff may not merely lump distinct and unrelated claims into one action. The Amended Complaint is simply deficient and the Court will therefore not conduct an initial review at this time.

This Court will grant Plaintiff 20 days in which to inform the Court which distinct claims he wishes to pursue in this action. If Plaintiff does not narrow down his issues and claims for the purposes of initial review, the Court will determine which claims and Defendants to dismiss without prejudice from this action and the Court will proceed with an initial review of one of Plaintiff's distinct claims.

### IV. CONCLUSION

In sum, the Court will grant Plaintiff 20 days from service of this Order in which to inform the Court which distinct claims he wishes to pursue in this action.

**IT IS, THEREFORE, ORDERED** that:

Plaintiff shall have 20 days from service of this Order in which to inform the Court of the claims he wishes to pursue in this action, as well as the Defendants he intends to keep in this action. If Plaintiff does not do so, the Court will, in its discretion, choose one of Plaintiff's distinct claims, conduct an initial screening as to that claim, and dismiss without prejudice the remaining, unrelated claims.

Signed: September 29, 2017

Frank D. Whitney
Chief United States District Judge