UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-490-FDW

| JOHNNIE D. ALLEN, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) ORDER |
| KEVIN INGRAM, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Second Amended Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 26). 28 U.S.C. § 1915(e)(2). Plaintiff is proceeding in forma pauperis.

## I. BACKGROUND

Pro se Plaintiff Johnnie D. Allen, a North Carolina inmate incarcerated at Mountain View Correctional Institution in Spruce Pine, North Carolina, filed this action on June 20, 2016, pursuant to 42 U.S.C. § 1983. Plaintiff named sixteen defendants in his original Complaint, and he alleged facts and claims arising out of unrelated transactions and occurrences occurring while he was incarcerated at Lanesboro Correctional Institution. On July 6, 2017, this Court entered an order finding, among other things, that Plaintiff's Complaint did not comply with FED. R. CIV. P. 20. (Doc. No. 22). The Court stated in its order:

> Plaintiff has alleged numerous, unrelated claims against numerous, unrelated defendants in this action, and he has not specified the dates on which each alleged constitutional violation occurred. Plaintiff is placed on notice that he may not bring unrelated claims against unrelated parties in a single action. See FED. R. CIV. P. 18(a), 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)

1

> (noting that "[u]nrelated claims against different defendants belong in different suits," so as to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act).  Plaintiff may bring a claim against multiple defendants as long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact.  FED. R. CIV. P. 20(a)(2).  Here, Plaintiff's unrelated claims against different defendants may not be litigated in the same action.  Accord Thomas v. Davey, No. 1:16cv925, 2017 WL 2691824, at *2 (E.D. Cal. June 22, 2017) ("Plaintiff may not pursue allegations against multiple parties involving multiple claims in this action.  For example, Plaintiff may not pursue claims of retaliation involving one set of defendants while simultaneously pursuing claims for deliberate indifference to serious medical needs against another set of defendants. These differing claims do not arise out of the same transaction or occurrence and do not share common questions of law or fact.").

(Doc. No. 22 at 3).  See also McCoy v. Willis, No. CA 4:07-cv-3563-PMD-TER, 2008 WL 4221745, at *5 (D.S.C. Sept. 15, 2008) ("[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this [multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).") (quoting George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)).

This Court ordered Plaintiff to submit an Amended Complaint to comply with Rule 20. Plaintiff filed his Amended Complaint on August 11, 2017, again alleging numerous, unrelated claims against unrelated Defendants.  (Doc. No. 23 at 4, 9-29).  On September 29, 2017, this Court conducted an initial screening of the Amended Complaint.  (Doc. No. 25).  The Court noted in its order that, as with his original Complaint, Plaintiff again failed to comply with Rule 20 of the Federal Rules of Civil Procedure.  That is, Plaintiff complained in the Amended Complaint about unrelated transactions and occurrences against numerous different Defendants.

For instance, Plaintiff complained about two separate and unrelated excessive force incidents while he was incarcerated at Lanesboro Correctional Institution—one occurring on March 21, 2016, and one occurring on March 29, 2016—each involving separate Defendants. Plaintiff also complained about being left in a recreational cage on July 11, 2016, for more than 24 hours. He also appeared to complain about due process violations arising out of hearings to determine his security classification. Finally, he complained that his classification status at Marion Correctional Institution, where he was then incarcerated, violated his due process rights.

Because Plaintiff once again raised unrelated claims in the Amended Complaint, this Court entered an order, granting Plaintiff 20 days in which to inform the Court which distinct claims he wishes to pursue in this action. The Court specifically warned Plaintiff that if he did not narrow down his issues and claims for the purposes of initial review, the Court would determine which claims and Defendants to dismiss without prejudice from this action and the Court would proceed with an initial review of one of Plaintiff's distinct claims.

Plaintiff has now filed his Second Amended Complaint, in which he has, once again, purported to bring unrelated claims against unrelated Defendants. Plaintiff argues in the Second Amended Complaint that his claims are all related and arise out of the same occurrence, but they clearly are not all related and do not arise out of the same occurrence. Thus, Plaintiff's Second Amended Complaint is still deficient.[1] The Court has already warned Plaintiff of the consequences of failing to narrow down his claims in his amended complaint. The Court has, therefore, determined that it will allow to remain in this action Plaintiff's first claim of excessive

---

[1] The Second Amended Complaint, which is 25 pages long and rambling, also does not comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a "short and plain statement of the claim" showing that the plaintiff is entitled to relief.

force, in which he alleges that on March 21, 2016, Defendants Beverly Horne (staff sergeant at Lanesboro) and Kevin Ingram (unit manager of the Richmond Unit at Lanesboro) used excessive force against Plaintiff. See (Doc. No. 26 at 5-6). All other claims against all other Defendants named in this action are hereby dismissed without prejudice. As to his claim of excessive force claim against Defendants Horne and Ingram, the Court finds that this claim survives initial review in that it is not frivolous.

**IT IS, THEREFORE, ORDERED** that:

1. This Court finds that Plaintiff's first claim of excessive force, in which he alleges that Defendants Horne and Ingram used excessive force against him on March 21, 2016, survives initial review. All other claims against all other Defendants named in this action are hereby dismissed without prejudice.

2. This Court recently enacted Local Rule 4.3, which sets forth a procedure to waive service of process for current and former employees of the North Carolina Department of Public Safety ("NCDPS") in actions filed by North Carolina State prisoners. The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for Defendants Horne and Ingram, who are current or former employees of NCDPS.

Signed: September 14, 2018

Frank D. Whitney
Chief United States District Judge